UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

REANNA G.,

                    Plaintiff,

          v.

ACTING COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

Case No. 3:22-cv-05856-TLF

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application (filed April 16, 2020) for disability insurance benefits ("DIB"). AR 15, 183. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 3. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 1, Complaint.

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v.*

*Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

Plaintiff asserted that her date of disability onset was March 20, 2020. AR 15. Plaintiff's date last insured under the DIB insured status requirements was December 31, 2020. AR 16. The ALJ found plaintiff had the following severe impairments: "polyarticular psoriatic arthritis, fibromyalgia, and generalized anxiety disorder." AR 17. For plaintiff's RFC, the ALJ determined plaintiff would be capable of: "light work", see 20 CFR 404.1567(b), with certain modifications. AR 27. "[Plaintiff] was able to perform work that does not require climbing ladders, ropes, or scaffolds. [Plaintiff] was able to frequently balance, occasionally climb ramps and stairs, and occasionally stoop kneel, crouch, and crawl. [Plaintiff] could frequently handle bilaterally and could occasionally overhead reach bilaterally. [Plaintiff] was able to perform work that allowed her to avoid concentrated exposure to vibration and hazards. [Plaintiff] was able to perform simple, routine tasks. AR 21-22.

The ALJ found at step four, plaintiff could not perform her prior relevant work. AR 26. But she could perform the requirements of certain occupations, such as Cashier II; Fast foods worker; and Marker. AR 27. The ALJ determined at step five that plaintiff was not disabled. AR 27-28.

1

2                                    DISCUSSION

3

4      **1.  Plaintiff's statements regarding symptoms and limitations**

5          Plaintiff contends the ALJ erred by failing to identify the statements of plaintiff that

6      the ALJ found to be not credible. Dkt. 9, Opening Brief, at 6. In addition, plaintiff

7      contends the ALJ erred by not giving any explanation or logical bridge to show a nexus

8      between the plaintiff's statements that the ALJ found to be less than credible, and any

9      evidence in the record that would show lack of credibility. In addition, plaintiff argues the

10     ALJ's determination of plaintiff's lack of credibility is unsupported by substantial

11     evidence and is not grounded in clear and convincing reasons. Dkt. 9, at 7-15

12          The ALJ's determinations regarding a claimant's statements about limitations

13     "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722

14     (9th Cir. 1998) (*citing Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)).   In

15     assessing a Plaintiff's credibility, the ALJ must determine whether plaintiff has

16     presented objective medical evidence of an underlying impairment. If such evidence is

17     present and there is no evidence of malingering, the ALJ can only reject plaintiff's

18     testimony regarding the severity of symptoms for specific, clear, and convincing

19     reasons. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014) (*citing Lingenfelter v.*

20     *Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).

21          "Contradiction with the medical record is a sufficient basis for rejecting the

22     claimant's subjective testimony."  *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d

23     1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th

24

25                                          3

Cir.1995)). But an ALJ may not reject a claimant's subjective symptom testimony "solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan,* 947 F.2d 341, 345 (9th Cir. 1991); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (applying rule to subjective complaints other than pain). Treatment records cannot be cherry-picked; the ALJ must consider a particular record of treatment in light of the overall diagnostic record. *Ghanim v. Colvin,* 763 F.3d at 1164.

An ALJ may discount a claimant's testimony based on daily activities that either contradict their testimony or that meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). None of the activities the ALJ pointed to would amount to a contradiction or a work-related function or skill. AR 21. Plaintiff stated that between March and December of 2020, her husband was handling household chores, shopping, and cooking. AR 57-59. She stated that at times she had better days and was more active, but even then it was very difficult. AR 59-60.

In this case, the ALJ's reasons for discounting plaintiff's statements about symptoms and limitations were not clear, specific, and convincing, and were not based on substantial evidence. As plaintiff points out in the Reply (Dkt. 14 at 4), the record shows she was taking medications to treat numerous infections during 2020, and the ALJ did not take this into account when reasoning that plaintiff should have taken immunosuppressive medications – and using this as a basis for discounting plaintiff's statements. AR 23-24.

Plaintiff stated in July 2020 that she could only lift 10 pounds; standing was painful to her back and feet, walking was painful to her spine, sitting was painful to her

lower back. AR 215. She could walk for only five to ten minutes, and although she could do some chores, she spent time lying down during the day. AR 211.

She testified, during the hearing in August of 2021, that from March 2020 through December 2020 -- the heaviest thing she lifted was 20 to 25 pounds – and, due to back pain (which she described as level 10 pain that could last for hours or days) she had difficulty bending, moving, reaching out forward, sideways, upward, grabbing or holding things, or sitting. AR 53-54, 59-60, 62-63. She also testified that she slipped a disc in her back in 2020 and was having other physical symptoms from arthritis in her spine that prevented her from walking, and made it painful to move or walk, and doing almost anything could result in a spasm in her back, neck, or stomach – she also had difficulty even getting out of bed. AR 46, 53-54. She could only sit 45-60 minutes at a time before she would need to reposition, stand up, or stretch. She could stand for only 20 minutes before it would be necessary to sit, move, reposition, or be laying down. AR 55, 58.

Between March 2020 and December 31, 2020, plaintiff underwent significant treatment and later had ileostomy surgery to address gastrointestinal (including chronic constipation (AR 299, 432, 505, 507, 510), severe abdominal pain, pyelonephritis, recurrent infections of the urinary tract (AR 380, 466, 490, 503, 507, 510), multiple abscesses in her abdomen and pelvis (AR 388, 407, 624), and dehydration requiring IV fluids (AR 470-471). At the same time, she experienced pain from several sources: low back pain, arthritis, fibromyalgia, and lumbar radiculopathy. AR 516-518, 522-524. MRI's taken in April 2020 and in March 2021 showed a disc herniation that impinged on the right L5 traversing nerve root. AR 475, 481-482. She had epidural steroid injections that affected her kidney function, according to Dr. Louie's notes on March 18, 2021. AR

478. Plaintiff testified that anti-inflammatories that doctor prescribed for her had quit working and caused kidney infections, so she was not able to take them regularly. AR 47, 61.

Before having laparoscopic loop ileostomy surgery in November 2020, the physicians who treated plaintiff noted back and radicular pain, beginning in late 2019. AR 432-434, 558. Plaintiff was being treated for spondyloarthropathy with medications – but the side effects became onerous. AR 47, 301-302, 328. In early 2021, plaintiff concluded treatment for chronic constipation, and had back surgery in early 2021. AR 475, 478.

Rather than cherry-picking certain medication choices, the ALJ must consider a particular record of treatment in light of the overall diagnostic record. *Ghanim v. Colvin,* 763 F.3d at 1164. Here, there is objective evidence of impairments, and objective evidence that the medically determinable impairments could reasonably be expected to produce some degree of symptoms. *See, Smolen v. Chater,* 80 F.3d 1273, 1281-1282 (9th Cir. 1996).

All this medical evidence indicates that plaintiff sought treatment for her conditions during the relevant period and followed the recommendations of her health care providers. This eviscerates the ALJ's inferences (AR 23) that plaintiff failed to seek more significant treatment and that plaintiff had "generally normal" physical examinations. There is ambiguity in the record concerning the intervals and reasons for plaintiff's inability to take certain medications, or particular choice of treatment for inflammatory arthritis; on remand, the Commissioner should resolve this ambiguity with

appropriate inquiry, and potentially with additional medical evidence. *See, Smolen v. Chater,* at 1288.

### 2. Harmless error

An error that is inconsequential to the non-disability determination is harmless. *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)). If the errors of the ALJ result in a residual functional capacity (RFC) that does not include relevant work-related limitations, the RFC is deficient, and the error is not harmless. *Id; see also, Carmickle v. Comm'r. Soc. Sec. Admin.,* 533 F.3d 1155, 1160 (9th Cir. 2008); *Embrey v. Bowen,* 849 F.2d 418, 422-423 (9th Cir. 1988); *Stramol-Spirz v. Saul,* 848 Fed. Appx. 715, 718 (9th Cir. 2021) (unpublished).

If the ALJ had properly evaluated medical evidence that supported the plaintiff's statements about her back condition, fibromyalgia, arthritis, and sciatica, that she testified had caused severe work-related limitations between 2019 and the date of the hearing, the ALJ may have come to a different conclusion about plaintiff's RFC. The Vocational Expert (VE) testified that an accommodation would be required, and there would be no regular competitive jobs, if a person was capable of light work but was required to change positions every 30 to 60 minutes, for three to five minutes. AR 69-70. The ALJ did not ask the V.E. whether regular intervals of laying down would be allowed.

The ALJ found plaintiff was capable of light work and "[plaintiff] was able to frequently balance, occasionally climb ramps and stairs, and occasionally stoop kneel, crouch, and crawl," and that she could "frequently handle bilaterally". If plaintiff's statements about the limitations caused by back pain, fibromyalgia, arthritis, and

sciatica, are reviewed on remand, the ALJ's assessment of plaintiff's ability to accomplish "light" work, and to handle, balance, climb, stoop, kneel, crouch, and crawl, during the relevant period (date of onset March 20, 2020, and no later than December 31, 2020 – the date last insured) may be different. The questions posed by the ALJ to the Vocational Expert also may be different. See AR 68-72. Therefore, the error in evaluating plaintiff's statements is not harmless.

### 3.  Lay witness evidence

When evaluating opinions from non-acceptable medical sources such as a family member, an ALJ may expressly disregard such lay testimony if the ALJ provides "reasons germane to each witness for doing so." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (*quoting Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). The ALJ also may "draw inferences logically flowing from the evidence." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

For applications filed on or after March 27, 2017, such as this one, an ALJ is "not required to articulate" how he or she evaluated evidence from non-medical sources such as educational personnel, public and private social welfare agency personnel, and other lay witnesses. 20 C.F.R. § 404.1502(e). Yet lay witness statements are not listed in the regulation that identifies evidence that is inherently of no value, or non-persuasive. 20 C.F.R. § 404.1520b(c). Because the Ninth Circuit has not overruled any of the cases that require "germane reasons" for the ALJ to reject lay witness evidence, the Court will apply that standard.

In this case, plaintiff's spouse testified concerning how limited plaintiff's activities were, due to her back problems, fatigue, and gastrointestinal disorders. AR 54-65.

Plaintiff also presented information from her father-in-law, who stated that she was limited in her standing, sitting, walking, and lifting. AR 226. The ALJ rejected these statements for the same reason the ALJ did not accept plaintiff's statements about symptoms and limitations as being credible. As the Court has determined the ALJ erred with respect to plaintiff's testimony, the Court remands for consideration of lay witness statements.

### 4. Remand for additional proceedings.

"'The decision whether to remand a case for additional evidence, or simply to award benefits [,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit emphasized in *Leon* that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. *Leon*, 80 F.3d at 1045.

Based on a review of the record, the Court concludes that the record is not free from important and relevant conflicts, considering the plaintiff's history of medical treatment. Therefore, this matter should be reversed for further administrative proceedings, including a *de novo* hearing, not with a direction to award benefits. *See id.*

<u>CONCLUSION</u>

Based on the foregoing discussion, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings. The Commissioner is directed to hold a de novo hearing to properly evaluate plaintiff's statements about her symptoms and limitations; the Commissioner shall also consider the lay witness evidence; and the Commissioner shall allow plaintiff an opportunity to present additional evidence.

Dated this 5th day of September, 2023.

Theresa L. Fricke
United States Magistrate Judge